United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 19-16328-elf
Qiana N. Futrell                                                          Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2        User: Christina              Page 1 of 1              Date Rcvd: Sep 22, 2020
                        Form ID: pdf900              Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 24, 2020.
db            +Qiana N. Futrell,    5703 Lebanon Avenue,    Philadelphia, PA 19131-3015

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                 TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 24, 2020                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 22, 2020 at the address(es) listed below:
        DAVID M. OFFEN    on behalf of Debtor Qiana N. Futrell dmo160west@gmail.com,
         davidoffenecf@gmail.com;offendr83598@notify.bestcase.com
        REBECCA ANN SOLARZ    on behalf of Creditor   Pennsylvania Housing Finance Agency
         bkgroup@kmllawgroup.com
        REBECCA ANN SOLARZ    on behalf of Creditor   U.S. Bank National Association, (Trustee for the
         Pennsylvania Housing Finance Agency, pursuant to a Trust Indenture dated as of April 1, 1982)
         bkgroup@kmllawgroup.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
        WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                                                                                                           TOTAL: 5

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Qiana N. Futrell <br> _Debtor_ | CHAPTER 13 |
| U.S. BANK NATIONAL ASSOCIATION, (Trustee for the Pennsylvania Housing Finance Agency, pursuant to a Trust Indenture dated as of April 1, 1982) <br> _Movant_ <br> vs. | NO. 19-16328 ELF |
| Qiana N. Futrell <br> _Debtor_ | 11 U.S.C. Section 362 |
| William C. Miller, Esquire <br> _Trustee_ | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$10,863.46,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 2019 to September 2020 at $964.77/month |
| Late Charges: | December 2019 to August 2020 at $21.17/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| Suspense Balance: | $5.77 |
| **Total Post-Petition Arrears** | **$10,863.46** |

2. The Debtor(s) shall cure said arrearages through a loan modification within the following schedule:

   a) Debtor shall obtain a permanent modification by February 1, 2021.

3. Additionally, beginning on October 1, 2020, Debtor shall also make regular post-petition payments on the first (1st) of each month in accordance with the terms of the note and mortgage while the loan modification application is pending.

4. If a timely trial modification is obtained, Debtor shall then continue to make regular trial modification payment followed by regular permanent modification payments thereafter, both as directed within the modification documents.

5. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

6. In the event any of the events listed within Section 2 are not completed within the listed deadline, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend her Chapter 13 Plan to provide for payment of Movant's arrears within Sectoin 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7. In the event any of the payment listed under either Section 3 or 4 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

8. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

10. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12. The parties agree that a facsimile signature shall be considered an original signature.

Date:    September 10, 2020                                By: */s/ Rebecca A. Solarz, Esquire*
                                                          Attorney for Movant


Date: *September 17, 2020*                                */s/ David M. Offen, Esquire, for*
                                                          David M. Offen, Esquire
                                                          Attorney for Debtor


Date: September 21, 2020                                  /s/ LeRoy W. Etheridge, Esq.   for
                                                          William C. Miller, Esquire      NO OBJECTION
                                                          Chapter 13 Trustee              *without prejudice to any
                                                                                          trustee rights and remedies.

# O R D E R

Approved by the Court this  21st  day of     September          , 2020.  However, the court retains discretion regarding entry of any further order.

                                                          _____
                                                          Bankruptcy Judge
                                                          Eric L. Frank